UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARGARET JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-761-SDD-RLB** |
| **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendations has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days from the date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 27, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MARGARET JONES**                                    **CIVIL ACTION**

**VERSUS**                                                     **NO. 22-761-SDD-RLB**

**UNITED PROPERTY & CASUALTY**
**INSURANCE COMPANY**

### REPORT AND RECOMMENDATION

The Complaint in this matter was filed on October 7, 2022. (R. Doc. 1). On March 14, 2023, the Court entered an Order staying and administratively closing this matter for a period of 6 months or until September 14, 2023. (R. Doc. 15). On March 28, 2023, R. William Huye, III, ("Huye"), attorney for Margaret Jones ("Plaintiff"), filed a Motion to Withdraw as Counsel of Record "on the grounds that the Louisiana Supreme Court issued an Order, which was effective immediately, suspending [Huye] from the practice of law on an interim basis, pending further orders of the Louisiana Supreme Court." (R. Doc. 16). As a result, the Court entered an Order granting Huye's Motion to Withdraw as Counsel of Record. (R. Doc. 17). Plaintiff's remaining attorneys Claude F. Reynaud, III, Grant P. Gardiner, and Cameron Sean Snowden[1] subsequently filed their own motions to withdraw that were granted on May 22, 2023. (R. Docs. 18, 19).

On October 12, 2023, the Court entered an Order setting a telephone conference for November 1, 2023. (R. Doc. 20). This Order was sent to the Plaintiff at her last known address. The Court directed Plaintiff "to participate unless new counsel s[ought] to enroll prior to the conference[,]" and directed that the order setting the conference be sent to Plaintiff at her last known address 379 Key Biscayne Drive, Port Allen, LA 70767. Plaintiff's address of record is

---

[1] Although previously employed by MMA before Huye's suspension, Claude F. Reynaud, III, Grant P. Gardiner, and Cameron Sean Snowden no longer work for the firm.

the address alleged in Plaintiff's Complaint and in Huye's Motion to Withdraw as Counsel of Record.  (R. Docs. 1, 16).

On November 1, 2023, no attorney was enrolled, and Plaintiff failed to participate in the telephone conference as ordered. (R. Doc. 21). Thus, the Court issued an Order instructing Plaintiff to "show cause, in writing, why a recommendation of dismissal should not be issued for her failure to participate in a telephone status conference." (R. Doc. 22). The Court directed the Clerk of Court to serve a copy of the show cause order upon Plaintiff by regular and certified mail return receipt requested at her last known address at 379 Key Biscayne Drive, Port Allen, LA 70767. This order informed Plaintiff that "[f]ailure to file a response to the instant show cause order will result in a recommendation of the dismissal of this matter without further notice." Notice was sent to Plaintiff by regular and certified mail and there is no indication in the record that plaintiff has not received this Court's Orders.

A review of the record indicates that Plaintiff has failed to file any response to the Court's Order to show cause.

In this instance, dismissal is warranted under Fed. Rules Civ. P. 16 and 37. Under Fed. R. Civ. P. 16, a court "may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as: (1) expediting disposition of the action; (2) establishing early and continuing control so that the case will not be protracted because of lack of management; (3) discouraging wasteful pretrial activities; (4) improving the quality of the trial through more thorough preparation; and (5) facilitating settlement." If a party or its attorney "fails to appear at a . . . pretrial conference[,]" a court may issue on its own motion "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)[.]" Fed. R. Civ. P. 16(f). As one of the available sanctions under Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) is "dismissing the action or

proceeding in whole or in part[,]" the captioned matter may be dismissed for plaintiff's failure to appear at a pretrial conference. (R. Doc. 21).

As a practical matter, the case cannot proceed against the defendants if Plaintiff does not prosecute it or respond to the Court's orders regarding disposition of the case. Plaintiff's failure to prosecute effectively deprives the defendants of the opportunity to defend themselves from the allegations made against them.

Although not directly applicable under the current circumstances, Local Rule 41(b)(2) provides that: "Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action. If a timely response is filed, a District Judge or a Magistrate Judge may order additional time within which to take action, dismiss the civil action without prejudice, or issue any other appropriate order." The Court finds that Plaintiff should be afforded that same 14 day period to advise the Court if she wishes to proceed with her case. The timeframe to submit objections to this Report and Recommendation will give her that time.

## **RECOMMENDATION**

It is the recommendation of the Magistrate Judge that Plaintiff's Complaint be dismissed without prejudice pursuant to Local Rule 41(b) for failure to comply with Court orders.

Signed in Baton Rouge, Louisiana, on December 27, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**